ARMSTRONG, Judge.
Brian Ashley was charged with and convicted of a violation of LSA-R.S. 14:64, relative to the offense of armed robbery. He was sentenced to serve ninety-nine years at hard labor without benefit of probation, parole or suspension of sentence. It is from this conviction and sentence that the defendant has filed this appeal.
On March 4,1982, at approximately 10:00 a.m., the victim was taking groceries out of the back of her car when she noticed a man walking down the street. He walked beyond the hedges of the victim’s residence, doubled back, approached the victim, pointed a pistol to her head and said, “Give me your purse.” When the victim hesitated, the man grabbed her purse, ran down the street to Milan and Dryades and got into the passenger side of a blueish-green car which sped away.
Following an investigation of a series of robberies, the co-defendant, Alvin Campbell, was arrested, and he implicated the defendant as being the perpetrator of the instant offense. A lineup involving several robbery suspects and victims was held, and the victim herein positively identified the defendant.
At trial the co-defendant testified that he had been charged with five counts of armed robbery and pled guilty to one, the other four counts being dismissed in exchange for his testimony against the defendant. Campbell further testified that on March 4, 1982, he was riding with the defendant and Troitdall Lackings in the 1800 block of Milan in New Orleans when they saw a lady pull into a driveway. Campbell parked the car on the corner, and the defendant robbed the woman. Campbell did not know if the defendant had a weapon when he left the car, but he knew that the defendant owned one.
In his first assignment of error, defendant argues that the trial court erred in denying his motion to suppress the identification. He argues that the lineup procedure which resulted in the identification was tainted because the lineup was also viewed by seven or eight victims of other robberies.
The record reflects that the victim herein sat alone and spoke to no one during the lineup. No one suggested to her which person in the lineup was the suspect in this crime, and no one tried to influence her. The victim was the only person to pick the defendant out of the lineup, which is consistent with the co-defendant’s testimony that the defendant was involved only in the instant offense. The mere fact that there were other individuals viewing the lineup did not render the identification procedure so unnecessarily suggestive and conducive to an irreparable mistaken identification as to deny the defendant his right to due process of law. State v. Nelso, 433 So.2d 73 (La.1983). Accordingly, this assignment of error is without merit.
The defendant next argues that the evidence adduced at trial was insufficient to support the jury’s verdict. It is now well settled that the criteria for determining sufficiency of evidence is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant was convicted of armed robbery, a violation of LSA-R.S. 14:64. Armed robbery was defined, as of the date of the offense, as “the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.”
*965 The victim testified that the defendant pointed a gun at her head and stole her purse. Aside from the positive identification of the defendant by the victim, there was the testimony of the co-perpetrator, Alvin Campbell, whose description of the robbery was consistent with the victim’s narration. This evidence was sufficient for the jury to have found the defendant guilty beyond a reasonable doubt.
In addition, the jury had ample reason to disbelieve the defense witnesses, all of whom were closely involved with the defendant and whose stories were inconsistent on many points, with the exception of the clear recollection of the hour at which the defendant left the house on the day of the crime and the time at which he returned.
This assignment of error is without merit.
In his final assignment of error, the defendant contends that the trial court erred in basing defendant’s sentence in part on other crimes which he did not commit. The defendant was sentenced to the maximum under LSA-R.S. 14:64.
In its reasons for sentence, the trial court stated:
The defendant’s conduct is completely unmitigated. The defendant has a long history of criminal conduct dating from 1979 consisting of 18 arrests, 12 of them for major felonies, and two convictions for theft and possession of a controlled dangerous substance. The record indicates that the defendant is a drug addict. Fresh needle marks were found on him at the time of his arrest. For this and other reasons previously stated, it is likely that the defendant will commit other serious crimes if released.
The defendant committed a series of robberies over a two week period, five of them with a gun threatening death or serious bodily harm to his victims. The Court, therefore, concludes that this defendant is incorrigible and not amenable to rehabilitation. The law-abiding citizens of this community can be protected best by his long incarceration in an appropriate institution. It is the sentence of this Court, therefore, that the defendant serve 99 years at hard labor in the custody of the Department of Corrections without benefit of parole, probation, or suspension of sentence.
The defense argues that the trial court should not have considered the “series of robberies over a two week period” as the evidence tends to show that the defendant was not involved in those robberies. More specifically, the defendant asserts that the only victim to identify the defendant was the victim herein and, further, that the co-defendant testified that the defendant was involved only in the instant robbery. Thus, the defense argues that the sentence should not have been based on these extraneous offenses, and to the extent that it was so based, the sentence is excessive.
While it is clear that a trial court can consider a defendant’s arrest record in imposing sentence, State v. Washington, 414 So.2d 313 (La.1982); State v. Cruz, 438 So.2d 1251 (La.App. 3rd Cir.1983), arrests should not be considered by the trial court for sentencing purposes when, as here, the evidence tends to demonstrate that the defendant was innocent of those offenses. Because we cannot determine to what extent the trial court relied on the “series of robberies” in imposing sentence, we must remand for resentencing.
For these reasons, the defendant’s conviction is affirmed. The sentence is vacated, and the case is remanded for resentenc-ing consistent with this opinion.
LOBRANO, J., concurs.