KLEES, Judge.
The defendant, Herman Gilliam, was found guilty of attempted aggravated rape and first degree robbery following a trial by jury. He was sentenced to forty years at hard labor for each crime. The sentences were to run concurrently and without benefit of probation, parole or suspension of sentence.
In the early morning hours of December 31, 1985, the victim, a twenty-one year old female, was attacked as she walked home. She was punched in the face and dragged into an alley. In the process an exposed water pipe was ruptured. The defendant repeatedly punched the victim in the face and threatened to cut her throat as he removed her shoes, pants and jacket. He then picked up her pants, containing approximately five one dollar bills, and ran away. The victim ran into the street. She was pursued briefly by the defendant, but he did not catch her. The victim was picked up by two police officers who were patrolling the area. The officers broadcast the victim’s description of the perpetrator over the radio, and he was apprehended a few blocks away and identified by the victim. During an altercation with the arresting officers, they noticed that his pants were wet.
In his first assignment of error, the defendant claims that the State failed to present sufficient evidence to sustain a conviction of first degree robbery against him.
First degree robbery is defined as:
“... the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimi *587 dation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.” La.R.S. 14:64.1
The defendant argues that the victim “lost nothing of value in this incident”. This argument is without merit. The evidence showed that defendant took the victim’s jeans and approximately five one dollar bills which she never recovered.
In his next assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence. To support this argument, the defendant contends that the trial judge failed to take into account the sentencing guidelines set forth in Louisiana Code of Criminal Procedure Article 894.1.
It is well settled in our jurisprudence that the record must show that the trial judge adequately considered the guidelines set forth in Article 894.1 before imposing a sentence. State v. Trahan, 412 So.2d 1294 (La.1982). The trial judge does not have to explicitly refer to the article in order to meet this requirement. State v. Cruz, 438 So.2d 1251 (La.App. 3rd Cir.1983).
We find that in this case the trial judge complied with these guidelines. The judge took into consideration the following aggravating circumstances: the defendant had a previous armed robbery conviction, and in serving time for that conviction, the defendant violated numerous prison rules; the defendant caused severe physical harm to the victim; the attack was unprovoked; and the victim was vulnerable. The following mitigating circumstances were also taken into account: the defendant was employed and had stayed out of trouble with the law for five and one half years prior to being arrested for the attack on this victim.
The trial judge has broad discretion in sentencing a defendant and his sentence will not be set aside unless there is a showing of manifest abuse of discretion. State v. Russell, 397 So.2d 1319 (La.1981); State v. Brown, 395 So.2d 1301 (La.1981). In this case the trial judge could have sentenced the defendant from zero to fifty years for the crime of attempted aggravated rape and three to forty years for first degree robbery. La.R.S. 14:27(D), 14:42(C); 14:64.1(B). The defendant was sentenced to forty years for each crime and the sentences were ordered to run concurrently. The facts and circumstances of this case adequately support his sentence.
In his final assignment of error, the defendant argues that the trial court erred in imposing an illegal sentence by sentencing him without benefit of parole, probation or suspension of sentence for the crime of attempted aggravated rape.
A person convicted of attempting to commit a crime punishable by death or life in prison shall be imprisoned at hard labor for not more than fifty years. La.R.S. 14:27 D (1). Aggravated rape is a crime punishable by life in prison without benefit of parole, probation, or suspension of sentence. La.R.S. 14:42(C). It is well settled in our jurisprudence that a sentence prohibiting parole, probation, or suspension of sentence may not be imposed for the crime of attempted aggravated rape. State v. Everett, 432 So.2d 250 (La.1983); State v. Green, 391 So.2d 833 (La.1980). For this reason the sentence imposed was in error and we amend to strike that portion which withdraws the defendant’s eligibility for parole, probation and suspension of sentence.
Accordingly, for the reasons expressed above, we affirm both of defendant’s convictions and defendant’s sentence for first degree robbery. The sentence for the conviction of attempted aggravated rape is amended to delete that portion which prohibits defendant’s eligibility for probation, parole or suspension of sentence. In all other respects the sentence is to remain the same.
CONVICTIONS AFFIRMED.
SENTENCE AS TO FIRST DEGREE ROBBERY IS AFFIRMED.
SENTENCE AS TO ATTEMPTED AGGRAVATED RAPE IS AMENDED.