532 So.2d 791 (1988)
STATE of Louisiana
v.
Eugene BOUIE.
No. KA-8902.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
Rehearing Denied November 16, 1988.
*792 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GULOTTA, C.J., and GARRISON and CIACCIO, JJ.
GARRISON, Judge.
The defendant was charged on November 7, 1986 with attempted aggravated rape. He pled not guilty at his arraignment on November 12, 1986. He was sentenced on December 15, 1986 to forty years at hard labor. From that conviction, he appeals.
The victim met the defendant several weeks before the crime. The defendant had called her several times and visited her at her grandmother's house on three occasions. On August 28, 1986 the defendant took the victim and her children to the lakefront in the victim's car. At the end of the day, the victim dropped the defendant off at Sweet Sam's Bar. She then went home. At approximately 11:00 p.m. that same night, the defendant called the victim from the bar and asked her to meet him. Leaving her children with her grandmother, the victim joined the defendant at the bar. They left the bar in the victim's car at 12:30 a.m. The victim drove the defendant home. After they pulled up in front of his house, he asked for a kiss. When the victim hesitated, the defendant grabbed her breasts and told her she was a "dead bitch." As the victim began to scream, the defendant struck her on the head, unfastened her belt and the buttons on her pants. The victim reached for a dumbbell that she kept under the car seat. She hit the defendant with the dumbbell and jumped out of the car. The defendant followed. As she approached a neighboring house, he threatened to rape her and kill her with a pipe he was carrying. He further threatened to drag her into a canal area. Again, she escaped, running to another house and calling the police. The defendant took the victim's car and went to a friend's house where he spent the night. He was apprehended the next day.
The defense contends that the trial court erred in sentencing the defendant by considering another offense for which the defendant had been tried and acquitted.
The defendant urged as a defense to the present charge that the victim had attacked him in an attempt to rob him, that he had not tried to rape her, that he was engaged to another woman who resided in the house outside of which the alleged rape occurred and thus it was ludicrous that he would thus try to rape another woman in such close proximity to his fiancé.
*793 In sentencing, the judge referred to defendant's prior aggravated rape charge in which the defendant urged the same defense namely that the female acquaintance had accosted him and that he was engaged to another woman. The defendant was found not guilty by the jury. The judge also referred to a second prior rape charge by another female acquaintance. This charge had been dropped due to the victim's refusal to testify after the defendant threatened to kill her if she testified against him. The judge also referred to a prior aggravated burglary charge in which the defendant accosted another woman.
The Louisiana Supreme Court has clearly held that both arrests and convictions may be considered by the trial court in imposing a sentence provided defendant is given notice of the information and is afforded a chance to speak in mitigation. The court in State v. Williams, 412 So.2d 1327, 1328 (La.1982) stated:
"Both arrest and convictions may be considered in imposing sentence, as long as defendant, as here, is given notice of the derogatory information and is afforded a chance to speak in mitigation. In some cases it may be preferable to ascertain the factual basis for an arrest from such sources as police reports or presentence investigation reports. The sources of information upon which trial judges may draw in determining an appropriate sentence must be wide and varied, and not subject to the normal restrictions imposed in the guilt determination phase of the proceedings. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)."
In the instant case, the defendant was given both notice and the opportunity to speak in mitigation. This fact is not contested by the defendant who argues that this court has held that the general rule is inapplicable when the evidence tends to demonstrate that the defendant was innocent of those offenses, citing State v. Ashley, 464 So.2d 963, 965 (La.App. 4th Cir. 1985). He further argues that his case fits within this purported exception.
The Ashley decision is clearly inopposite to the facts of this case. In State v. Ashley, 464 So.2d 963 (La.App.1985), this Court vacated a maximum sentence in an armed robbery case. The sentencing judge had commented that the defendant had "committed a series of robberies over a two week period, five of them with a gun threatening death or serious bodily harm to his victims." In fact, though the defendant had been arrested on all the armed robberies, in a lineup attended by all the victims, he was identified as the perpetrator of only one, the one with which he was charged and on which charges he was convicted. Recognizing that arrest may generally be considered in fashioning a just sentence, this Court still vacated the sentence and noted that "arrests should not be considered by the trial court for sentencing purposes when, as here, the evidence tends to demonstrate that the defendant was innocent of those offenses." 464 So.2d at 965.
Unlike Ashley, the defendant's identity in the instant case was never an issue. Defendant was admittedly acquainted with all of the victims. The issues were rather modus operandi and credibility: whether the defendant had tried to rape the women or whether they had accosted him and whether the defenses, including defendant's alleged engagement to other women, were credible. Thus the court was clearly justified in considering the defendant's prior arrests under Williams and its progeny. This assignment of error is without merit.
The defense also contends that defendant's sentence of forty years at hard labor is excessive. The maximum sentence that may be imposed for attempted aggravated rape is fifty years at hard labor. R.S. 14:27; R.S. 14:42. The sentence clearly falls within the statutory guidelines. However, even if a sentence falls within the ambit of the statute, it may still violate Article I, Section 20 of the Louisiana Constitution prohibiting "cruel, excessive or unusual punishment." State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984).
*794 A constitutionally excessive sentence is one that is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering". State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, reh. denied, Brogdon v. Louisiana, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985).
To determine if a sentence is unconstitutionally excessive, an appellate court is guided by several factors which include the nature of the offense, the harm caused or threatened to the victim, the culpability and character of the offender and the sentences imposed for the commission of the same crime in other cases. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983). Most of these factors are encompassed in the sentencing guidelines set forth in C.Cr.P. art. 894.1. Therefore, on review the appellate court first looks to whether the trial judge followed the guidelines.
"While the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. Article 894.1, the record must reflect that he considered these guidelines in particularizing the sentence to the defendant." State v. Guiden, 399 So.2d 194, 200 (La.1981), cert. denied, Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). In accordance with La.C.Cr.P. art. 894.1 guidelines, the sentencing record should reflect that the trial court considered the personal history and past criminal history of the defendant and seriousness of the crime. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal on remand, 446 So.2d 1210 (La.1984).
In the instant case, the trial judge noted the defendant's prior conviction for carrying a concealed weapon which arose out of his aggravated assault with a .357 magnum on a woman acquaintance. He also noted that defendant had an arrest history indicating that he had attacked and attempted to rape other female acquaintances. The judge then specifically applied the C.Cr.P. art. 894.1 guidelines to the facts of the case.
If there is compliance with the C.Cr.P. art. 894.1 standards as in this case, the sentence imposed will not be set aside in the absence of an abuse of the trial judge's wide sentencing discretion. State v. Quebedeaux, supra. In determining whether the judge abused his discretion and imposed an unconstitutionally excessive sentence, it is appropriate to compare the sentence imposed in this case to sentences imposed in other cases with similar circumstances and involving defendants with similar characteristics. State v. Brogdon, supra.
In State v. Gilliam, 503 So.2d 585 (La. App. 4th Cir.1987), defendant approached the victim, punched her and dragged her into an alley. He threatened to cut her throat, removed her pants, stole her wallet and ran away. He was convicted of attempted aggravated rape and sentenced to forty years. This court upheld the sentence noting that the trial judge considered the aggravating circumstances that 1) defendant had a previous armed robbery conviction 2) defendant caused serious harm to the victim 3) the attack was unprovoked and 4) the victim was vulnerable.
The facts of Gilliam are very similar to the instant case. Based on a comparison of the facts of Gilliam and the sentence imposed therein, to the facts of this case and the sentence imposed, the sentence imposed in the instant case was not unconstitutionally excessive.
The defendant raises the claim of ineffective assistance of counsel alleging 1) defense counsel failed to visit him in jail 2) defense counsel failed to raise objections at the preliminary hearing regarding the State's alleged delay in prosecuting the case 3) defense counsel did not contact witnesses to testify on defendant's behalf and did not seek a trial continuance until these witnesses' presence could be secured at the trial 4) defense counsel did not have time to adequately prepare the case for trial, but failed to seek a continuance and 5) defense counsel did not contact character *795 witnesses to testify for defendant at sentencing.
Generally, a claim alleging ineffective assistance of counsel should be treated in an application for post conviction relief filed initially in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). However, if the record discloses sufficient evidence to rule on the merits of the claim, then the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4th Cir.1986); State v. Landry, 499 So.2d 1320 (La.App. 4th Cir.1986).
In the instant case, defendant's contention can not be adequately addressed on the record presented. Additionally an evidentiary hearing at the trial level would provide a more efficient resolution of issues. Thus, these claims should be presented by an application for post conviction relief.
The defendant seeks review of the court's rulings on various unspecified motion hearings which were apparently held. Transcripts of these hearings are not contained in the record. The defendant does not specify how the trial court erred in its rulings and therefore does not provide anything for this Court to review.
At trial, the defense introduced pictures of the victim's car which showed blood on the floorboard and on the car doors and the pants worn by the victim on the night of the crime which had blood stains on them even after they had been washed. The defendant contends that the State should not have been permitted to argue that the stains were "bloodstains" absent expert testimony by a doctor or "blood examiner" that the stains were in fact "bloodstains". The defendant cites no cases to support this contention nor could any be found. The victim identified the bloodstains during her testimony. No objection to the "bloodstain" argument was lodged by defendant during closing argument. This assignment of error is likewise without merit.
The defendant also contends that his conviction should be reversed because the State in closing argument allegedly appealed "to the jury prejudice" by referring to the fact that the defendant had been convicted of carrying a concealed weapon. He does not allege how this comment was prejudicial. As the defendant's prior conviction had already been brought out at trial during defendant's cross-examination, it is difficult to see how the State's mere reference in closing could result in prejudice. Thus, this assignment of error is also without merit.
For the reasons discussed, defendant's conviction and sentence are both affirmed.
AFFIRMED.