533 So.2d 1032 (1988)
STATE of Louisiana
v.
Juanita GLEASON.
No. KA-5060.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1988.
*1033 Harry F. Connick, Dist. Atty., Susan Kreston, Asst. Dist. Atty., for plaintiff-appellee, State.
Dwight Doskey, New Orleans, for defendant-appellant, Juanita Gleason.
Before BARRY, KLEES and BYRNES, JJ.
KLEES, Judge.
Defendant Juanita Gleason, was charged by bill of information with possession with intent to distribute cocaine, a violation of R.S. 40:967.
The defendant was arraigned and pled not guilty and trial commenced on August 13, 1985. She was found guilty by a twelve member jury of simple possession of cocaine. The defendant was sentenced, on August 27, 1985, to five (5) years in Orleans Parish Prison. This sentence was amended on September 3, 1985, to five (5) years at hard labor.
FACTS:
On May 30, 1985, New Orleans Police Officers Joseph Goines and Tyrone Martin were patrolling the area in the 1500 block of St. Peter and Basin Streets, in a marked car, when they were stopped by a black male. As a result of this conversation, the two officers set up a serveillance of a black woman and a black male in the 1500 block of Basin Street. Officers Small and Handy also participated in an unmarked police vehicle.
Officers Goines and Martin observed the black male approach a passerby and engage him in conversation; the black female then participated in the conversation, opened her purse, removed something, as the passerby looked into the purse; the passerby then shook his head and left.
Officers Goines and Martin proceeded to the area and arrested the male and female subjects along with several other unrelated individuals who were near the area. Officer Martin apprehended the female subject as she briskly walked away. A search of the contents of her purse revealed numerous packets of cocaine of a total weight of nineteen (19) ounces of cocaine.
ERRORS PATENT REVIEW:
No errors patent found.
ASSIGNMENTS OF ERROR:
A. The trial court erred in considering at sentencing the defendant's distrust of police testimony and in considering a prior police report without allowing the defense a chance to review and question the report.
In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Thomas, 447 So.2d 1053 (La.1984); State v. Quebedeaux, 424 So.2d 1009 (La.1982). This does not mean that the trial judge must articulate each aggravating and/or mitigating circumstance. State v. Soco, 508 So.2d 915 (La. App. 4th Cir.1987). However, the trial judge does not have unbridled authority to consider prior arrests when the evidence tends to demonstrate that the defendant was innocent of those charges. State v. Ashley, 464 So.2d 963 (La.App. 4th Cir. 1985).
In Ashley, the defendant was given the maximum sentence of ninety-nine (99) years for armed robbery. The trial judge stated in his reasons for sentencing that the defendant had "committed a series of robberies over a two week period, five of them with a gun threatening death or serious bodily harm to his victims." Id. at 965. The trial judge then concluded that the defendant was "incorrigible and not amenable to rehabilitation." Id. However, one witness at trial, a co-defendant, testified that the defendant did not participate in the other armed robberies; the only victim to identify the defendant was the one involved in the case at issue. This court concluded that a trial judge may consider a defendant's arrest record unless the evidence indicates the defendant's innocence under those charges. Citing State v. Washington, 414 So.2d 313 (La.1982). The case was remanded for resentencing.
*1034 In the instant case, the trial judge stated in his reasons for sentencing that the defendant had a prior arrest wherein she was in an apartment, seated at a table with cocaine, drug paraphernalia, and a gun. The trial judge did not base the current sentence on the defendant's guilt or innocence in that case; he merely indicated that she was exposed to cocaine, et cetera, and was not a "newcomer" to the drug world. Whether or not the defendant was guilty or innocent of the charge, she was exposed to drugs.
In State v. Rovaris, 464 So.2d 958 (La. App. 4th Cir.1985), this court remanded the matter for resentencing since the trial judge, in his reasons for judgment, accused the defendant of committing perjury by taking the stand in his own defense. The remaining factors given by the trial judge were insufficient to override the error.
In the instant case, the trial judge did not commit an error by referring to the defendant's exposure to contraband.
Further, a trial judge may consider a defendant's character and attitude in sentencing. State v. Calzadilla, 455 So.2d 1244 (La.App. 4th Cir.1984). This would encompass the defendant's arrogant attitude toward the witnesses and her behavior in the court room indicating a complete lack of respect for the judicial system. The trial judge merely described at length the reasons for the imposition of the maximum sentence, with one reason being her disrespectful attitude for the law.
Accordingly, this assignment or error lacks merit.
B. The trial court erred in imposing an excessive sentence.
The defendant was sentenced to five (5) years in Orleans Parish Prison, subsequently amended to five (5) years at hard labor. Five years is the maximum jail time under R.S. 40:967(C)(2).
The defendant contends that this is excessive since she is a first offender in this case. Our review of the record leads us to conclude otherwise. The reasons enumerated by the trial judge were sufficient to comply with C.Cr.P. art 894.1. This assignment lacks merit.
Accordingly, the appellant's conviction and sentence are affirmed.
AFFIRMED.