598 So.2d 610 (1992)
STATE of Louisiana
v.
Eugene BOUIE.
No. 91-K-2627.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1992.
*611 Eugene Bouie, pro se.
Harry F. Connick, Dist. Atty., New Orleans, for respondent.
Before WARD and ARMSTRONG, JJ., and JAMES C. GULOTTA, J. Pro Tem.
ARMSTRONG, Judge.
Relator was convicted of attempted aggravated rape and was sentenced to forty years at hard labor. On appeal, this court affirmed relator's conviction and sentence. State v. Bouie, 532 So.2d 791 (La.App. 4th Cir.1988).
Relator now requests a review of the trial court's denial of his application for post conviction relief. He makes six claims in support of his application.
Relator's first claim is that he was denied "due process" and "equal protection" because of the State's failure to bring him before a judge or magistrate within 72 hours of his arrest, as mandated by C.Cr.P. article 230.1. Relator alleges that he was "secreted away for 73 days while the prosecution tried to determine if he had in fact violated the law." Relator fails to support this allegation with documentation; however, even if he were to provide such documentation, neither the codal article nor the case law provides relator with relief.
C.Cr.P. article 230.1 mandates that an arrestee be brought before a judge within 72 hours of his arrest for the purpose of appointment of counsel and the review or setting of bond. Section (D) of this article, however, states that "[T]he failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant." And, the prevailing case law maintains that a delay is not grounds for arrest of judgment or a new trial, and that once a defendant has proceeded to a significant judicial event, such as a preliminary hearing where probable cause is found, the defendant waives any rights to release. State v. Wallace, 392 So.2d 410; State v. Guzman, 362 So.2d 744, cert. denied 99 S.Ct. 3103, 443 U.S. 912, 61 L.Ed.2d 876; State v. Calloway, 324 So.2d 801; State v. Brown, 322 So.2d 211, application denied 352 So.2d 705. In State v. Tauzier, the Louisiana Supreme Court held that the defendants were not entitled to relief on the theory that their rights were violated when they were not presented before a judge or magistrate until 40 days after their arrests, since they could show no prejudice attributable to the delay. State v. Tauzier, 397 So.2d 494. In the instant case, relator has shown no evidence of any delay nor any prejudice attributable to the delay. Therefore, this claim is without merit.
Relator's second claim is that he was denied compulsory process because the court failed to recess in order to discover why defense counsel had not investigated *612 the case. Relator argues that his counsel did not locate witnesses and, therefore, the trial court should have investigated counsel's failure to do so. The trial judge addressed this claim in its written judgment: "Second he contends that he was prevented from calling some witnesses at trial. Petitioner admitted on the stand that he did not know the addresses of the witnesses. The Court is not responsible for investigating the locations of the witnesses for either side. Petitioner does not even bother to state the nature of their testimony except that he makes broad and general allegations that are not supported by the record."
The trial court's judgment is correct. Relator fails to support his claim, or even cite any authority which would entitle him to relief. Relator's claim is without merit.
Relator's third claim is that the prosecutor amended the bill of information (from attempted forcible rape to attempted aggravated rape) out of sheer vindictiveness, and that the bill of information was not sufficiently specific, as amended, to inform the defense of the nature and cause of action as required by the U.S. Constitution.
The bill of information was filed on November 7, 1986, and charged relator with attempted forcible rape. The state amended the bill on December 3, 1986, charging relator with attempted aggravated rape. On motion of the defense, the trial, scheduled for that day, was continued until December 9, 1986.
By allowing the continuance, the trial court complied with C.Cr.P. article 489, which addresses amendments of a bill of information, and states that:
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy.
Clearly, the state has the right to amend the bill of information. In this case, the state did so and the trial court granted the defense motion for a continuance. Relator's claim that the state was vindictive is unsubstantiated, and therefore should be denied.
Relator's allegation that the bill was not sufficiently specific to inform him of the charges, is without merit. The test is whether the bill is misleading to the defendant. C.Cr.P. article 464 addresses the nature and contents of the information.[1]
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
Here, the amended charge was based on the same facts and circumstances as the original charge, thus relator was apprised of the incident. Relator has failed to show any error or omission which, if existed, misled relator to his prejudice. The state simply amended the bill of information, and relator was given a reasonable time to prepare for the amended charge. Consequently, this claim is without merit.
Relator's fourth claim is that the trial court, when charging the jury, omitted two responsive verdicts and the law that supports them. The responsive verdicts to attempted aggravated rape are guilty, guilty of attempted forcible rape, guilty of attempted *613 simple rape, and not guilty. C.Cr.P. article 814. Relator claims that the trial court instructed the jury that there were only two verdicts that they could return: guilty and not guilty. Relator claims that the jury was not charged as to the law applicable to the two responsive verdicts of attempted forcible rape and attempted simple rape.
Relator supplies this court with no documentary evidence to prove his allegation. Therefore, he provides nothing for this Court to review. Further, the trial court in its written judgment stated that the record indicates to the contrary. This claim is without merit.
Relator next claims that the trial judge abused his discretion when imposing the sentence of forty years at hard labor. Relator claims that the trial judge erroneously considered his previous arrests when sentencing relator. This claim was raised on appeal and addressed by this Court in its published opinion. Bouie, supra 532 So.2d at 792-93. Relator, however, claims that this Court's opinion was erroneous.
Relator's allegation raises no new issues for this court to consider, and as such his claim is without merit.
Relator's sixth claim is that a remark made by a prospective juror during voir dire tainted the other jurors. Relator alleges that this prospective juror said that she had "already found him guilty because this nice lady (the victim) wouldn't be pressing charges if he (defendant) hadn't done something to her." Relator thinks that although this juror was excused, her statements "implanted an impermissible suggestion in the minds of the jury which should have been admonished by the court."
Relator fails to provide this Court with the transcript, nor does he provide any legal support for his proposition that he receive a new trial. Further, according to the written judgment of the trial court, the evidence was overwhelming against the defendant and the record does not support relator's allegation that the remark prejudiced relator. This claim is without merit.
Relator's final claim encompasses two claims. The first is that he was denied effective assistance of counsel. The second is that this Court in its published opinion of relator's appeal, ordered an evidentiary hearing on the matter. Relator raised the issue of ineffective assistance of counsel in his appeal. This Court did not address the claim and stated that it would be properly raised in an application for post conviction relief rather than on appeal. This Court further stated that "an evidentiary hearing at the trial level would provide a more efficient resolution of issues." Bouie, supra 532 So.2d at 795. Relator mistakenly interpreted this statement to mean that the trial court should have held an evidentiary hearing to determine whether his counsel was ineffective, and that its failure to do so was "clearly erroneous." Relator is incorrect. This court did not order an evidentiary hearing, nor is the trial court mandated by any jurisprudence to hold one. This claim is without merit.
Relator's assertion of ineffective assistance of counsel is based on eight allegations. These allegations must be reviewed in light of the two-pronged test set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show both that 1) counsel's performance was deficient and 2) that the deficiency prejudiced the defendant. Strickland, supra; State v. Fuller, 454 So.2d 119 (La.1984); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986).
Performance is ineffective only when it can be shown that counsel made errors so serious that the defendant was not functioning as "counsel" guaranteed by the Sixth Amendment. Petta, supra. There exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland 104 S.Ct. at 2065. "[It] is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings." Id. at 2067. Instead, the defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding *614 would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 2068.
If an alleged error falls "within the ambit of trial strategy," it does not "establish ineffective assistance of counsel." State v. Bienemy, 483 So.2d 1105 (La.App. 4th Cir. 1986). Moreover, "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." State v. Brooks, 505 so.2d 714, 724 (La.1987).
In the instant case, relator specifies eight alleged incidents which amount to ineffective assistance of counsel. The first is that the defense counsel failed to contact witnesses who were willing to testify and/or make arrangements for defense witnesses to be subpoenaed. This issue was partly addressed in relator's second claim above. The trial court, in its written judgment, stated: "Petitioner admitted on the stand that he did not know the addresses of the witnesses." And that "[p]etitioner does not even bother to state the nature of their testimony except that he makes broad and general allegations that are not supported by the record."
Relator has failed to show that counsel's performance was deficient and that the deficiency prejudiced him. Therefore, this allegation fails to meet the test of Strickland.
Relator's second allegation is that his counsel failed to raise objections at the preliminary hearing regarding the State's delay in prosecuting the case. Relator is referring to the 73 day delay in which he claims to have been secreted away. Relator fails to show how he has been prejudiced by any delay in prosecution or any lack of objection by his counsel regarding a delay. Nor does relator show the existence of a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, as required by Strickland. Relator has not met his burden of proof with this allegation.
Relator's third allegation is that his counsel failed to seek a continuance until defense witnesses could be located. Counsel is under no obligation to request a continuance when his client cannot provide him with accurate names and addresses of potential witnesses. Again, relator provides no support for his allegation that any witnesses even existed.
Relator's fourth allegation is that his counsel failed to investigate the facts of the case to determine any defense to the charge. Again, relator fails to support this allegation and as such cannot satisfy the test in Strickland that requires him to show that counsel's performance was deficient. Relator provides the Court with a mere allegation and no more.
Relator's fifth allegation is that his counsel failed to object to the admittance of "bloodstained" clothing, since it was never determined whether the substance was in fact "blood." On appeal, relator raised the argument that the clothing (and photograph of the car floorboard which showed bloodstains) were erroneously admitted into evidence. This Court denied relator's claim because the victim identified the bloodstains during her testimony and relator could provide no case law to support his contention. This Court also noted in its written opinion that there was no objection lodged by relator during closing argument. Relator now claims that the lack of an objection be deemed ineffective assistance of counsel.
Even if counsel had objected, this Court has already stated that relator has no claim since no case law supports his position that the items should not have been introduced. Therefore, counsel was not ineffective when he did not object to the introduction of the evidence.
Relator's sixth allegation is based on the same premise as his fifth. Relator now claims that his counsel was ineffective when he failed to object to the State's reference during closing arguments, to relator's prior conviction. Relator raised the claim in his appeal. This Court dismissed *615 that claim by stating that relator did "not allege how this comment was prejudicial." And that, since the conviction had been brought out during the trial, it would be difficult to show how any prejudice could result from the mention of it during closing arguments. Bouie 532 So.2d at 795. Relator is again trying to establish ineffective assistance of counsel since counsel did not object to the remark during closing arguments. This allegation is without merit since relator has failed to establish that counsel's performance was deficient.
Relator's seventh claim is that his counsel failed to seek a continuance even though he did not have adequate time to prepare for trial. This claim is almost identical to relator's third claim of ineffective assistance. Again, relator fails to support his contentions with proof that counsel's performance was deficient and that the deficiency prejudiced him. This claim is without merit.
Relator's final allegation is that his counsel failed to contact character witnesses to offer testimony at the sentencing hearing. Relator has not provided this Court with support for his claim. Relator gives no names, addresses, or substance of any potential testimony. This allegation is meritless on the showing made.
For the foregoing reasons, we find that the trial court correctly denied relator's application for post conviction relief.
WRIT DENIED.
NOTES
[1] This article uses the term "indictment" to include all forms of officially charging an offense, i.e., by grand jury indictment, an information filed by the district attorney, or by affidavit. C.Cr.P. article 464, Official Revision Comment (d).