TERRI F. LOVE, Judge.
LThe State appeals the trial court’s granting of Martha Olivia’s (“Ms. Olivia”) motion to quash the bill of information charging her with violation of La. R.S. 14:39.2. Following a hearing on the motion, the trial court granted the motion based on its consideration of Ms. Olivia’s factual defense to the offense charged. We find a trial court’s ruling on a motion to quash is limited to questions of law and does not extend to defenses based on factual determinations. Therefore, we reverse the trial court’s granting of Ms. Olivia’s motion to quash the bill of information and remand for further proceedings.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ms. Olivia was arrested in March 2006 for first degree vehicular negligent injury in violation of La. R.S. 14:39.2 and in April 2006, by bill of information,, the State charged Ms. Olivia with the same. Arraignment was set for June of 2006, but Ms. Olivia failed to appear in court. On that date, the trial court issued an alias capias for Ms. Olivia’s arrest with no bond, and the matter was continued without a date.
| ?In February 2010, Ms. Olivia was arrested on the alias capias. At her arraignment in March 2010, Ms. Olivia entered a plea of not guilty and her defense counsel *754 filed several motions including a motion for a bill of particulars. A hearing on those motions was held in April 2010, at which time the defense counsel waived the motions. Thereafter, the defense counsel filed a motion to quash the bill of information. Ms. Olivia asserted in her motion to quash that pursuant to La.C.Cr.P. art. 532(1) and (2), the State’s “defective document” failed to satisfy the minimum essentials of the term “Bill of Information” as required by Chapters 1 and 2 of Title XIII including La.C.Cr.P. art. 464. Specifically, Ms. Olivia contends the State failed to specify which subparagraph of La. R.S. 14:39.2 Ms. Olivia allegedly violated. The trial court subsequently granted the motion in June 2010. The State now appeals the trial court’s granting of Ms. Olivia’s motion to quash.

STANDARD OF REVIEW

As this Court has stated before, “a motion to quash an indictment is treated much like an exception of no cause of action in a civil suit; the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged.” State v. Lagarde, 95-1497, p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103. Additionally, the Louisiana Supreme Court in State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, 411, noted the question becomes “whether the indictment charges a valid offense. If it does not, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, for a motion to quash may be based on the ground that the |3indictment fails to charge an offense which is punishable under a valid statute.” This Court noted in State v. Franklin, 13-0488, p. 6 (La.App. 4 Cir. 10/9/13), 126 So.3d 663, 668, that the trial court’s ruling on a motion to quash is solely a question of law. Thus, on appellate review the trial court’s ruling is subject to de novo review. Id. “Under this standard of review, we do not defer to any factual findings by the trial judge. This lack of deference is strongly rooted in the fact that any factual determinations by a trial judge during that time regarding the merits of any defense would be unauthorized.” Id. (citations omitted).

BILL OF INFORMATION

The State contends the trial court abused its discretion by granting Ms. Olivia’s motion to quash because the bill of information sufficiently informed Ms. Olivia of the nature of the charges. The State asserts that a motion for a bill of particulars is the proper procedural vehicle to remedy a bill of information that is deemed insufficient, not a motion to quash. Additionally, the State contends that the record reflects that Ms. Olivia was fully aware of the nature of the charges.
Pursuant to La.C.Cr.P. art. 463,[1] the bill of information shall set forth “an identifiable offense and inform the defendant of the statutory basis of the offense, but need not set out detailed facts constituting violation since those facts can be Lgiven to the defendant in a bill of particulars.” State v. *755 Robinson, 47,427, p. 8 (La.App. 2 Cir. 10/3/12), 105 So.3d 751, 756.
Additionally, La.C.Cr.P. art. 464 provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
Ms. Olivia asserted in her motion to quash that the bill of information failed to charge her with an offense punishable under a valid statute. Specifically, Ms. Olivia asserted that Louisiana’s Criminal Code does not contain a crime denominated “First Degree Negligent Injuring” as alleged in the State’s bill of information. In her motion to quash, she noted that the State would likely assert that the stated offense referred to La. R.S. 14:39.2, “First Degree Vehicular Negligent Injuring.” We find Ms. Olivia’s contention to be a misstatement of the facts.
Although, the State’s bill of information did not contain the actual statute number, it did state Ms. Olivia was charged with “First Degree Vehicular Negligent Injuring.” (emphasis added). Pursuant to La.C.Cr.P. art. 464, the omission of the citation will not be ground for dismissal if the omission did not mislead Ms. Olivia to her prejudice. The bill of information plainly demonstrates the State charged Ms. Olivia with “First Degree Vehicular Negligent Injuring,” and Ms. Olivia could have easily determined which statute she was charged with violating by referencing the Louisiana Criminal Code. Therefore, the bill of information charged Ms. Olivia with an offense punishable under La. R.S. 14:39.2, a valid statute.
| BFurther, La.C.Cr.P. art. 464, requires that the bill of information include “a plain, concise, and definite written statement of the essential facts constituting the offense charged.” Ms. Olivia averred in her motion to quash that because the bill of information did not contain a statement of essential facts, the bill of information did not conform with the requirements of Chapters 1 and 2 of Title XIII, and Ms. Olivia was deprived of her constitutional rights to be informed of the nature and cause of the accusation against her.
In State v. Bouie, 598 So.2d 610, 612 (La.App. 4th Cir.1992), this Court noted that the test in determining whether the bill of information sufficiently informs the defendant of the charged offense is whether the bill of information is misleading to the defendant. See also La.C.Cr.P. art. 464. In that case, the defendant was convicted of attempted aggravated rape and was sentenced to forty years at hard labor. On appeal, this Court affirmed the conviction and sentence. The defendant then requested a review of the trial court’s denial of his application for post-conviction relief. One of the defendant’s claims, in part, was that “the prosecutor amended the bill of information (from attempted forcible rape to attempted aggravated rape) and it was not sufficiently specific, as amended, to inform the defense of the nature and cause of action as required by the U.S. Constitution.” Id. In rejecting this claim, we stated:
Relator’s allegation that the bill was not sufficiently specific to inform him of the charges is without merit. The test is whether the bill is misleading to the defendant. C.Cr.P. article 464 addresses the nature and contents of the information ... Here, the amended charge *756 was based on the same facts and circumstances as the original charge, thus relator was apprised of the incident. Relator has failed to show any error or omission which, if existed, misled relator to his prejudice. The state simply amended the bill of information, and relator was given a reasonable time to prepare for the amended charge. Consequently, this claim is without merit.

|6Id.

The bill of information, in this case, only stated that Ms. Olivia “committed first degree vehicular negligent injuring.” Despite the fact that the bill of information omitted the actual citation of the offense, the statute may be found by referencing the Louisiana Criminal Code. As a result, the bill of information charged Ms. Olivia with violation of La. R.S. 14:39.2 which states in pertinent part:
A. First degree vehicular negligent injuring is the inflicting of serious bodily injury upon the person of a human being when caused proximately or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle, aircraft, watercraft, or other means of conveyance whenever any of the following conditions exists:
(1) The offender is under the influence of alcoholic beverages.
(2) The offender’s blood alcohol concentration is 0.08 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood.
(3) The offender is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964, or any abused substance.
(4)(a) The operator is under the influence of a combination of alcohol and one or more drugs which are not controlled dangerous substances and which are legally obtainable with or without a prescription.
(b) It shall be an affirmative defense to any charge under this Paragraph pursuant to this Section that the label on the container of the prescription drug or the manufacturer’s package of the drug does not contain a warning against combining the medication with alcohol.
(5)The operator is under the influence of one or more drugs which are not controlled dangerous substances and which are legally obtainable with or without a prescription and the influence is caused by the operator knowingly consuming quantities of the drug or drugs which substantially exceed the dosage prescribed by the physician or the dosage recommended by the manufacturer of the drug.
La. R.S. 14:39.2(A).
A review of La. R.S. 14:39.2(A) establishes five subparagraphs under which a defendant may be charged. Ms. Olivia argued in her motion to quash that |7because there are five subparagraphs, the bill of information failed to indicate which specific offense she was charged with violating. This argument calls into question whether the bill of information sufficiently specified the offense being charged.
Applying this Court’s reasoning in Borne, the issue is whether the bill of information was misleading to Ms. Olivia’s prejudice. In Bowie, this Court held that the amended bill of information sufficiently specified the offense charged because the amended bill of information was “based on the same facts and circumstances as the original charge.” Bouie, 598 So.2d at 612.
Conversely, in this case, the record reveals that Ms. Olivia filed a motion to suppress the evidence, including re- *757 suits/refusal of field sobriety tests and administration/results of chemical breath test(s), confessions, inculpatory statements and admissions (including refusal(s) of field sobriety tests), soon after Ms. Olivia’s arrest on the alias capias. The record also indicates that Ms. Olivia was made aware of her rights related to the chemical test for intoxication and such test was conducted. The arrest report indicates that the chemical test for intoxication yielded results of .182g%.
The State contends that because Ms. Olivia filed a motion to suppress the evidence and the record contained information that sufficiently informed her of the details of the offense, she was aware of which subparagraph of La. R.S. 14:39.2 she was charged with violating. Ms. Olivia contends, however, that the bill of information was insufficient in that it failed to inform her of which of the five subpara-graphs of Paragraph A defining the offense under which the State intended to proceed, and thus deprived her constitutional rights to be informed of the nature and cause of the charge against her.
[^Although the argument may be made that because subparagraph (1) and (2) involve alcohol consumption and blood alcohol consumption, Ms. Olivia could have been charged with violating either or both, and therefore, misled to her prejudice, we are not convinced. Namely, the motion to suppress and the arrest report made part of the record indicate that a chemical test for intoxication was conducted and yielded results of .132g%. Given that the arrest report alleges her blood alcohol concentration was above 0.08 percent, Ms. Olivia was not misled to her prejudice as she likely knew or could have determined by referencing the Louisiana Criminal Code, the nature and cause of the charge against her; more specifically, La. R.S. 14:39.2(A)(2). Accordingly, we find the bill of information sufficiently informed Ms. Olivia of the offense charged and the omission of the statute citation did not mislead her to her prejudice.[2]

MOTION TO QUASH

Finding the bill of information sufficient, we next look at whether the trial court properly granted, the motion to quash. The trial court granted Ms. Olivia’s motion to quash because it reasoned that the State would be unable to prove that Ms. Olivia was actually operating the vehicle at the time of the accident. At the hearing on the motion to quash, defense counsel argued that the bill of information failed to provide essential facts for the offense as required by law. Defense |9counsel further requested that the State “just tell us what she did, then [the bill of particulars] will be satisfied.” Defense counsel went on to argue that defense suspected the reason the State could not tell defense what Ms. Olivia did was because the State could not prove that Ms. Olivia was driving the vehicle at the time of the incident. At this suggestion, the trial court began to question the State on whether Ms. Olivia *758 was operating the vehicle at the time of the incident. When the State failed to answer the question, the trial court immediately granted Ms. Olivia’s motion to quash the bill of information.
This Court in State v. Schmolke, 12-0406, p. 2-3 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298, held:
“A judge’s consideration of a motion to quash is confined to questions of law and, as a general rule, does not extend to defenses based upon factual findings ... The motion to quash is a mechanism for consideration of pre-trial pleas, which are ‘pleas which do not go to the merits of the charge.’ State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401. ‘[T]he question of factual guilt or innocence is not before the court’ at a hearing on the motion to quash. Id. at 411. While evidence may be adduced at a hearing, ‘such may not include a defense on the merits.’ Id. at 411.”
In this case, the only evidence before the trial court on the motion to quash was the bill of information and the supporting oral arguments at the hearing on the motion. Whether Ms. Olivia was operating the vehicle at the time of the incident was not addressed in her motion to quash. Raising the issue at the hearing constitutes a defense to the offense charged. Thus, because the trial court’s consideration of a motion to quash does not extend to defenses based on factual | infindings nor consideration of one’s guilt or innocence, the trial court erred in granting Ms. Olivia’s motion to quash on this ground.[3]
Further, Ms. Olivia asserts an additional basis for the trial court’s granting of her motion to quash. On appeal, Ms. Olivia claims the State failed to timely prosecute within the two year statute of limitations pursuant to La.C.Cr.P. art. 578(A)(2). This Court in Bd. of Directors of Indus. Dev. Bd. of City of New Orleans v. All Taxpayers, Prop. Owners, Citizens of City of New Orleans, 03-0826, p. 4 (La.App. 4 Cir. 5/29/03), 848 So.2d 740, 744, held:
Pursuant to La. C.C.P. art. 2164, an appellate court must render a judgment upon the record on appeal. The record on this appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments and other rulings, unless otherwise designated. La. C.C.P. art. 2127 and 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Augustus v. St. Mary Parish School Board, 95-2498, p. 16 (La.App. 1 Cir. 6/28/96), 676 So.2d 1144, 1156. The appellate briefs or motions of parties and attachments thereto are not a part of the record on appeal, and this court has no authority to consider on appeal facts referred to therein, or in exhibits attached thereto, if those facts are not in the record on appeal. Id. The appellants must seek their remedy, if any, before the trial court. See La. C.C.P. art.2001, et seq.
Therefore, we cannot consider a new ground for a motion to quash raised for the first time on appellate review. Nonetheless, it is the State who seeks appellate review of the trial court’s judgment. Accordingly, we find that Ms. Olivia’s failure to raise the issue of timely prosecution in her motion to quash in the trial court prohibits this Court from considering it on appeal.
*759 | ^DECREE
•For the foregoing reasons, we reverse the trial court’s ruling granting the motion to quash the bill of information. The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. La.C.Cr.P. art. 463 states: The information may be in substantially the following form: In the (Here state the name of the court.) on the_day of_, 19_State of Louisiana v. A.B. (Here state the name or description of the accused.). X.Y., District Attorney for the Parish of_, charges that A.B. (Here state the name or description of the accused.) committed the offense of_, in that (Here set forth the offense and transaction according to the rules stated in this Title. The particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars.) contrary to the law of the state of Louisiana and against the peace and dignity of the same.

. In light of this Court’s finding that the bill of information sufficiently informed Ms. Olivia of the offense charged, we pretermit discussion of the State's argument in the alternative that a motion for a bill of particulars is the proper procedural mechanism to correct an insufficient bill of information, not a motion to quash.
Nonetheless, it is recognized that the docket master constitutes part of the record even if certain filings are absent from the actual minute entries. See State v. Ruffin, 97-0612 (La. App. 4 Cir. 5/19/99), 738 So.2d 624, 625. In this case, despite the absence of a minute entry reflecting the defense’s filing of a motion for a bill of particulars, the docket master indicates that the clerk's office received several motions including a motion for a bill of particulars filed by Ms. Olivia on March 2, 2010.

. The trial court provided no reasons for granting the motion to quash; however, the hearing transcript and the trial court’s line of questioning imply that its factual finding was the basis for granting the motion to quash.