PER CURIAM.
1 ^Denied. Relator does not demonstrate that he preserved any issues for appellate review when he entered his guilty plea. See State v. Crosby, 338 So.2d 584 (La.1976). We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
rULING
Now into Court, pursuant to a pro se Post Conviction Relief Application, Defendant alleges that the bill of information filed by the Orleans Parish District Attorney’s Office is fatally defective in that it does not contain an official seal or certification by a Judge’s signature. La. C. Cr. P. Art. 384 provides that “an information is a written accusation of crime made by the district attorney or the city prosecutor and signed by him. It must be filed in open *1277 court in a court having jurisdiction to try the offense, or in the office of the clerk thereof.” The Bill of Information in the above captioned matter contains the signature of Virginia D. Miller, Assistant District Attorney for the Parish of Orleans. Therefore, this Court finds that, the bill of information comports with the requirements of Art. 384. This claim is DENIED.
The Defendant further alleges that the bill of information omits two essential elements of the alleged crime and that he is prejudiced by those omissions. More particularly, the omitted words are as follows: “unauthorized entering” and “with intent to commit a felony or any theft therein.”
Pursuant to La.C.Cr.P. art. 463, the bill of information shall set forth “an identifiable offense and inform the defendant of the statutory basis of the offense, but need not set out detailed facts constituting violation since those facts can be given to the defendant in a bill of particulars.” State v. Olivia, 137 So.3d 752, 2013-0496 (La.App. 4 cir. 3/26/14). Additionally, La.C.Cr.P. art. 464 requires that the bill of information include “a plain, concise, and definite written statement of the essential facts constituting the offense charged.” In State v. Bouie, 598 So.2d 610, 612 (La.App. 4th Cir.1992) the Court noted that the test in determining whether the bill of information sufficiently informs the defendant of the charged offense is whether the bill of information is misleading to the defendant.
A review of the bill of information reveals that the bill of information reads as follows: on the 12th day of February in the year of our Lord, two thousand and thirteen ... (defendant) “committed simple burglary of a vehicle, to wit: a 2009 Chevrolet Silverado, belonging to Fabian Harrison.” In the case at bar, the bill of information uses the words “simple burglar/’ and provides plain, concise, and definite facts regarding the vehicle. The words that Defendant claims are omitted to his detriment are included in the definition of simple burglary as provided in La. R.S. 14:62. Moreover, Defendant was provided counsel throughout the proceedings and indicated that he understood the proceedings when questioned during his Boy-kin examination. If the Defendant did not understand what facts and circumstances were alleged against him, he had the opportunity to file for a Bill of Particulars, This, was not done. The record also reveals that Defendant’s counsel moved this Court, for special jury instructions in preparation for trial. This Court further ruled, on 10/30/2013, with specificity on many requested evidentiary items and motions. There exists no doubt in this Court’s mind that the Defendant was informed and understood the charges as stated in the bill of information sufficiently and that no alleged error or omission the Defendant in any way.
Defendant’s Application for Post Conviction Relief is therefore DENIED.
Signed in Orleans Parish, State of LA this 2 day of February, 2015.
/s/ Franz Zibilich /s/ JUDGE FRANZ ZIBILICH