AUGUSTINE, Judge.
The defendant, Kendall Willis, was convicted of illegal possession of stolen things, a violation of LSA-R.S. 14:69. A multiple bill was filed against the defendant and he was adjudged a multiple offender and sentenced to serve 15 years at hard labor. Willis appeals from that conviction.
On May 8, 1982 Clayton Fortune was attending the New Orleans Jazz Festival when his red 1980 Kawasaki 750 motorcycle was stolen from its parking place. Two days later, while investigating an incident involving another motorcycle, Police Officers Rodney Bailey and Donald Lemon encountered the defendant who was sitting on a red Kawasaki 750 motorcycle. The police officers asked Willis for the motorcycle’s registration papers. Willis produced registration papers indicating that John Pardone was the owner of the motorcycle. The registration papers matched the license plate of the motorcycle. However, further investigation revealed that the license plate was stolen. Additional inquiries disclosed that the motorcycle itself was stolen. The officers also determined that the defendant possessed an owner’s manual which listed the owner’s name as Clay Fortune and that he was using a Suzuki key on a Kawasaki motorcycle. Willis was then placed under arrest for possession of the stolen motorcycle.
Willis’ only assignment of error is that the sentence imposed is excessive. It is well settled that “the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment that is enforceable by this Court on appellate review of his conviction.” State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
With respect to the appropriate standards for that review, the Sepulvado court stated that:
... the statutory criteria legislatively provided by La.C.Cr.P. Art. 894.1 (1977), which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.
367 So.2d 762 at 769.
To comply with the guidelines, “there is no requirement that the trial judge articulate every aggravating and mitigating circumstance under C.Cr.P. 894.1 if he adequately considers the guidelines in particularizing sentence to the defendant.” State v. Bradley, 414 So.2d 724, 725 (La.1982).
In the instant case the trial court noted that the defendant, who was twenty-one years of age was still on probation for a prior charge of three counts of simple robbery to which he had pled guilty; and that in addition to the conviction for receiving stolen property for which he was being sentenced, there was an open misdemeanor charge for possession of stolen property. He also reviewed the defendant’s arrest record. The only mitigating factors brought to the court’s attention were defendant’s youth and the fact that he had no juvenile record whatsoever. It may be said that the trial court demonstrated adequate compliance with Art. 894.1.
The 15-year sentence is nevertheless not justified on the basis of the factors considered by the trial court. First and foremost, there were no aggravating factors in the present offense itself at all — no threats, no violence, no breaking and entering, no injury; nothing but possession of a stolen thing. No details of the earlier conviction on three counts of simple robbery were shown, but the fact that defendant was placed on probation (on serving six months in parish prison) shows that that cannot have been a particularly bad crime. Nor does the record contain any details of the other arrests, assuming they might appropriately be considered. Perhaps the worst that can be said of defendant — in comparing him with other second-offender possessors of stolen things — is that he was *798 still on probation for his first offense (committed three-and-a-half-years earlier) when he committed the second. Because the circumstances of the three-count simple robbery were mild enough to allow probation, we conclude that defendant appears to be towards the least rather than towards the worst second-offender possessors of stolen things. The sentence range under R.S. 15:529.1 is one third of to twice the ten-year maximum of R.S. 14:69, or between three and a third and twenty years. Our judgment is that on this record 15 years is excessive punishment, because the appropriate sentence should be one on the order of five years.
For the foregoing reasons the conviction is hereby affirmed, and the matter is remanded for resentencing consistent with this opinion.
AFFIRMED.