PLOTKIN, Judge.
Brian Perkins was charged with purse snatching in violation of LSA-R.S. 14:65.1. A twelve person jury found him guilty as charged. He was sentenced to serve twenty years at hard labor.
On October 29, 1988, at about 1:30 p.m., Perkins snatched the purse of Melinda Pen-dleton. She chased him and yelled for help. Two men joined the chase. When Perkins climbed a fence, the purse became entangled in the fence and he abandoned it. Pendleton recovered her purse. The two men continued chasing Perkins. When two police officers arrived, Perkins was found in a tin shed taking off his shirt. Perkins was identified by the victim and by one of the men who chased him as the purse snatcher.
The only issue raised on appeal is exces-siveness of sentence. Under LSA-R.S. 14:65.1(B), the possible range of sentence for purse snatching is two to twenty years with or without hard labor.
The constitution of Louisiana prohibits imposition of excessive punishment. LSA-Const. art. 1, § 20.
A constitutionally excessive sentence is one that is grossly out of proportion to the severity of the crime; or makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of suffering.
State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
The court of appeal must review the record to ascertain whether the trial court considered aggravating and mitigating factors as set forth in La.C.Cr.P. art. 894.1 in determining the defendant’s sentence. State v. Sherman, 557 So.2d 997, 998 (La.App. 4 Cir.1990). When a defendant convicted of a felony is sentenced to imprisonment, the court must consider certain factors:
(1) undue risk that the defendant will commit another crime,
(2) the defendant’s need of correctional treatment or a custodial environment,
(3) a lesser sentence would deprecate the seriousness of the crime.
LSA-C.Cr.P. art. 894.1(A).
In the instant case, the judge stated that he had considered the requirements of this article. His reasons for imposing the *612 maximum sentence included other purse snatchings for which the defendant had been charged, one of which allegedly included injury to an elderly woman, possession of stolen property belonging to several women, and prior arrests for theft, drug offenses, possession of stolen property, and simple battery. Perkins had one previous conviction for possession of marijuana. In imposing the maximum sentence the judge alluded to the defendant’s “ruthless and brutal act of knocking the 70-year old” woman to the ground. In the instant case, the victim was young, was not injured, and recovered her purse.
A court may properly consider prior arrests and police reports in sentencing a defendant. State v. Soco, 508 So.2d 915, 917 (La.App. 4 Cir.1987). However, a trial judge does not have “unbridled authority” to consider prior arrests when the defendant may have been innocent of those charges. State v. Gleason, 533 So.2d 1032, 1033 (La.App. 4 Cir.1988).
The primary factor to be considered is whether there were aggravating factors in the present offense. State v. Willis, 452 So.2d 796, 797 (La.App. 4 Cir.1984). In the instant case, the judge found the aggravating factors in a different case, one in which the defendant had been arrested, but not convicted. A court cannot rely on allegations as to the factual circumstances of other offenses of which a defendant has not been convicted in order to find that the present crime for which the defendant is being sentenced was aggravated or severe.
For the above reasons, the conviction of Brian Perkins is affirmed, but his sentence is vacated, and the case is remanded for resentencing consistent with this opinion.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED FOR RESENTENCING.