609 So.2d 789 (1992)
STATE of Louisiana
v.
Glenn HARRISON.
No. 91-K-2743.
Supreme Court of Louisiana.
November 30, 1992.
Elizabeth W. Cole, New Orleans, for applicant.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Valentin M. Solino, and Jack Peebles, Asst. Dist. Attys., for respondent.
WATSON, Justice.
A jury found defendant, Glenn Harrison, guilty of: unauthorized entry of an inhabited dwelling (LSA-R.S. 14:62.3); first degree robbery (LSA-R.S. 14:64.1); aggravated rape (LSA-R.S. 14:42); and aggravated crime against nature (LSA-R.S. 14:89.1). The court of appeal affirmed the convictions. A writ was granted to consider whether the trial error in charging the jury contributed to the jury's verdict. The jury was instructed that a reasonable doubt was "such a doubt as would give rise to a grave uncertainty" in violation of Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).
The record reflects that Harrison's counsel objected timely to the court's defining reasonable doubt for the jury.
On September 20, 1988, about 5:00 p.m., the victim noticed a man talking to her neighbor. Later, the same man asked for a drink of water. When she went inside to get the water, he followed her, threatened her with a screw driver, forced her to perform oral sex, and then raped her vaginally. He demanded money and was given fifteen or twenty dollars. The victim was forced to douche herself. After the man left, the victim went to her boyfriend's apartment a few doors away. Her boyfriend called the police. The police found a bankbook and a passport bearing Harrison's name in the victim's apartment. The victim was described by the examining doctor as very fearful and anxious. No seminal fluid, abrasions or bruises were present. The victim identified Harrison from a photographic lineup. He was arrested approximately a year later in California.
The instruction in Cage went beyond this one by including other terms: "moral certainty" and "actual substantial doubt." However, Cage stated that the word "grave" suggested a higher degree of doubt than that required for acquittal under *790 a reasonable doubt standard. 498 U.S. at 39-41, 111 S.Ct. at 329-330. On remand, the trial error in Cage was found to be harmless because the evidence of guilt was so overwhelming. State v. Cage, 583 So.2d 1125 (La.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 211, 116 L.Ed.2d 170.
The court of appeal concluded that the jury instruction to Harrison's jury, which included only part of the language in Cage, did not violate defendant's rights. However, any erroneous explanation of reasonable doubt may constitute reversible error. See State v. Vessell, 450 So.2d 938 (La.1984). Compare State v. Sullivan, 596 So.2d 177 (La.1992), cert. granted, ___ U.S. ___, 113 S.Ct. 373, ___ L.Ed.2d ___ (1992).
Defense counsel argued that Harrison's encounter with the victim was consensual. The rape accusation was allegedly fabricated for the victim's boyfriend. Since there was no physical evidence of trauma and Harrison had carelessly abandoned identifying documents, there was evidence supporting that story. The jury deliberated over four hours, which indicates some doubt about Harrison's guilt. The jury might have had a reasonable doubt, but not a "grave uncertainty". Under these circumstances, the trial error cannot be described as harmless.
For the foregoing reasons, the convictions and sentences are reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
DENNIS, J., concurs.
MARCUS and LEMMON, JJ., concur and assign reasons.
COLE, J., respectfully dissents. Within the factual context of this case, the error was harmless.
MARCUS, Justice (concurring).
Since the jury instruction uses only one of the three phrases found offending in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), I feel the Cage error, if any, is minimal. However, the record shows that in his closing argument, the prosecutor told the jury: "if you can sit in these chairs right now and say, `I am reasonably satisfied that he did it. That's it.' It's not all doubt, it's not the shadow of any doubt." Defendant objected to this statement, but the trial judge did not admonish the jury. The prosecutor then continued: "if you think he reasonably did it, that you're reasonably satisfied that he did it, then under the law, you should, you must convict." The prosecutor's statements when combined with the jury instruction defining reasonable doubt as "such a doubt as would give rise to grave uncertainty" was enough to confuse the jury as to the reasonable doubt standard.
Accordingly, I respectfully concur.
LEMMON, Justice, concurring.
The prosecutor in closing argument told the jurors that they could convict defendant if they were "reasonably satisfied" he was guilty. The trial judge did not correct the prosecutor's significant misstatement of law, but told the jurors he would take care of this in the general charge. Thus, the erroneous jury instruction, although containing only part of the language condemned in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), was worsened by the prosecutor's irresponsible conduct, and reversal is required.