jJPLOTKIN, Judge.
Brian Perkins was charged by bill of information on December 13, 1988, with purse snatching, a violation of LSA-R.S. 14:65.1.[1] At his arraignment on December 21,1988, he pleaded not guilty. The trial court found *1200 probable cause and denied the Motions to Suppress the Evidence and the Identification on January 20, 1989. After trial on April 20, 1989, a six-member-jury found him guilty as charged. He was sentenced on May 5, 1989, to serve twenty years at hard labor. He appealed, arguing that the trial court erred in imposing an excessive sentence. This Court agreed; his conviction was affirmed, but his sentence was vacated, and the case was remanded to the trial court for resen-tencing. State v. Perkins, 568 So.2d 610 (La.App. 4th Cir.1990). On December 11, 1990, Brian Perkins was resentenced to serve twenty years at hard labor. This Court granted the appellant an out-of-time appeal on October 13, 1993, and Brian Perkins now appeals his resentencing. He again argues that the trial court erred in imposing an excessive sentence. We agree.
l2The facts from the earlier appeal are adopted.
Article I, § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. The sentence range under R.S. 14:65.1 is two to twenty years. A sentence may be reviewed for excessiveness even though it is well within statutory guidelines. State v. Cann, 471 So.2d 701 (La.1985). The imposition of a sentence may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
To insure adequate review by the appellate court, the record must indicate that the trial court considered the factors set forth in La.C.Cr.P. art. 894.1.[2] State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). At the second sentencing hearing on December 11, 1990, the trial court stated:
This Court has reviewed the evidence in the case, both before and during the trial, in light of the provisions of Code of Criminal Procedure, Article 894.1 A and B, and finds as follows: One, the comments made at the original sentencing are reiterated and expanded herein. Two, there is abundant evidence in the district attorney’s file and the police report, including information received from the defendant’s mother and sister, to support the conclusion that the defendant committed several robberies over a three-day period. At least two of these robberies involved elderly ladies, one of whom was brutally knocked to the ground and injured.
It is a considered opinion of this Court that there were no substantial grounds tending to excuse or justify the defendant’s conduct; that his victims were completely without fault; that the defendant has not, nor will he compensate the victims of this crimes; that he does have a history of prior criminal activity; that his criminal conduct was a result of circumstances likely to recur; and that he is unlikely to respond to probationary treatment.
In short, the defendant is, in the opinion of this Court, incorrigible and a menace to society who should never be permitted out of jail. It is, therefore, the sentence of this Courtjjthat the defendant, Brian Perkins, serve 20 years at hard labor in the custody of the Department of Corrections.
Here the trial court finds the defendant to be “incorrigible” and a “menace to society” and imposes the maximum sentence; however, the court considers as justification for the sentence crimes for which the defendant was not tried and convicted. The court refers to “several robberies over a three-day period,” elderly women who were injured, the defen *1201 dant’s “victims,” and the fact that he could not compensate them. Yet Brian Perkins was convicted of taking the purse of one young woman who was not harmed and who received all of her property back when Perkins was apprehended. Moreover, Brian Perkins has one previous conviction for possession of marijuana.
We reiterate our position as stated in our previous consideration of this matter:
A court may properly consider prior arrests and police reports in sentencing a defendant. State v. Soco, 508 So.2d 915, 917 (La.App. 4th Cir.1987). However, a trial judge does not have “unbridled authority” to consider prior arrests when the defendant may have been innocent of those charges. State v. Gleason, 533 So.2d 1032, 1033 (La.App. 4th Cir.1988).
The primary factory to be considered is whether there were aggravating factors in the present offense. State v. Willis, 452 So.2d 796, 797 (La.App. 4th Cir.1984). In the instant case, the judge found the aggravating factors in a different case, one in which the defendant had been arrested, but not convicted. A court cannot rely on allegations as to the factual circumstances of other offenses of which a defendant has not been convicted in order to find that the present crime for which the defendant is being sentenced was aggravated or severe.
Accordingly, for reasons stated above, the defendant’s conviction is affirmed, the sentence is set aside, and the case is remanded for resentencing. La.C.Cr.P. art. 894.1(B). State v. Soco, 441 So.2d 719, 721 (La.1983), appeal after remand 508 So.2d 915 (La.App. 4th Cir.1987). We recognize that the original sentencing judge has retired and the vacancy has been filled by another judge. The defendant is entitled to an expeditious sentencing hearing considering that the original May 5, 1989 sentence was vacated twice. The trial judge is instructed to sentence the defendant consistent with our prior opinions.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

. Perkins was originally also charged with two counts of possession of stolen property, violations of R.S. 14:69(B). While there is no indication in the minute entries of disposition of these charges, the State's brief explains that these counts were nolle prosequied because the defendant's mother and sister — who had found and returned stolen property to victims — refused to testify against him.

. When Perkins was resentenced, article 894.1 provided the following:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3)A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation....