| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2021-KA-0488** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **AARON K. MITCHELL** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 544-654, SECTION "DIVISION D"
Honorable Judge Paul A. Bonin Presiding at Sentencing,
Honorable Judge Kimya M. Holmes Presiding Prior to Sentencing

\* \* \* \* \* \*
**Judge Daniel L. Dysart**

\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Dale N. Atkins)

**LOBRANO, J., CONCURS IN THE RESULT**
**ATKINS, J., CONCURS IN THE RESULT**

Jason Rogers Williams
DISTRICT ATTORNEY
G. Benjamin Cohen
Chief of Appeals, DISTRICT ATTORNEY
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

    COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Meghan Harwell Bitoun
LOUISIANA APPELLATE PROJECT
P.O. Box 4252
New Orleans, LA 70178-4252

COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**DECEMBER 15, 2021**

*DLD*       This case concerns the imposition of a twenty-four year sentence for Aaron K. Mitchell in connection with his guilty plea to one count of obstruction of justice in a homicide investigation. The trial court sentenced Mr. Mitchell on December 21, 2020. Mr. Mitchell timely appealed his sentence on grounds that it is unconstitutionally excessive. Considering the facts of this case and the relevant jurisprudence, we find that the trial court did not abuse its discretion by imposing a twenty-four year sentence on Mr. Mitchell. Accordingly, we affirm the trial court's sentence.

**FACTUAL AND PROCEDURAL HISTORY**

On February 22, 2019, defendant, Aaron K. Mitchell, was charged by grand jury indictment with one count of second degree murder, in violation of La. R.S. 14:30.1, one count of obstruction of justice in the homicide investigation, in violation of La. R.S. 14:130.1(A)(1), and one count of possession of a firearm by a felon, in violation of La. R.S. 14:95.1. On May 1, 2019, defendant entered a plea of not guilty with regard to all three charges. On March 2, 2020, defendant, with regard to his obstruction of justice charge, changed his plea to guilty.[1]

---

[1] In his plea of guilty, defendant was apprised that he faced "a fine of not more than one hundred thousand dollars, [imprisonment] for not more than forty years at hard labor, or both." Defendant's *Boykin* transcript was filed into the record as a supplement on October 13, 2021. A

1

Prior to his sentencing in connection with his guilty plea, defendant proceeded to trial on the charges of second degree murder and possession of a firearm by a felon. On March 6, 2020, the jury, by a vote of eleven to one, found defendant guilty of being a felon in possession of a firearm; by a vote of ten to two, the jury found defendant guilty of the lesser-included charge of manslaughter.[2]

On December 21, 2020, the trial court sentenced defendant in connection with his plea of guilty to the charge of obstruction of justice in a homicide investigation. Before sentencing, the court ascertained that defendant had prior felony convictions for possession of a controlled dangerous substance and possession of a controlled dangerous substance with intent to distribute. It was further determined that defendant was twenty-eight years old. Thereafter, the court heard briefly from defendant's grandmother, who stated that defendant was the father of three and needed to be home with his children, and from defendant who asked for mercy. The court then proceeded with sentencing, providing:

> All right, Mr. Mitchell. I do want to say this to you. Of course, I sat through the trial and heard a considerable amount of evidence about your involvement in the death of the gentleman that was related to the plea of guilty that you entered before me that you obstructed justice in a murder investigation.

review of the guilty plea proceeding reflects that defendant was advised of his rights. Further, defendant was specifically advised that he would be proceeding to trial on the second degree murder charge and the charge of being a felon in possession of a firearm prior to being sentenced in connection with his guilty plea. The State did not provide a factual basis for the charge of obstruction of justice, but defendant was again informed that, based on his guilty plea to the charge, he was subject to a sentence of not more than forty years or a fine of not more than one hundred thousand dollars, or both. Also notable is that the State specifically reserved its right to file a multiple bill against defendant. Defendant was also advised his right to appeal would be limited to a claim that the sentence to be imposed at a later date was excessive; he could not contest the fact that he was guilty of obstruction of justice. Additionally, defendant, in connection with his guilty plea, confirmed that he was satisfied with the representation afforded to him by counsel.

[2] In light of the United States Supreme Court's decision in *Ramos v. Louisiana,* ___ U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), the trial court subsequently granted defendant a new trial based on the fact that his convictions were not unanimous.

It was a, really, [sordid] crime that was committed, and I'm not - - I'm not judging you on the issue that's now been reopened by me as to whether you participated in the murder of that gentleman, that elderly gentleman, but I am looking at the whole scene of your involvement in the case and that you did not - - not only did you not truthfully tell the police, you actively tried to mislead them in their investigation of that murder.

I am taking into consideration, of course, your age and the fact that you have children. I do feel that you need to spend a significant amount of time in the custodial setting; that I could not give you probation because of your involvement in this case.

I do think that you were untruthful to the jury as to what you had pled guilty to and how you were trying to describe it, and I do note that, on several occasions during the trial, you, in my view, changed your story and did try to, in fact, carry on, misleading the jury as to what took place when you testified. It's very serious, the murder investigation.

All right. I sentence you to serve [twenty-four] years in the custody of the Department of Corrections [with] credit for all time served. I'm going to recommend you for any and all self-help, self-improvement programs for which you might be eligible.

Immediately following the court's sentencing, defense counsel orally objected to the sentence. Thereafter, in response to the court's query as to whether counsel wanted "to make an oral motion for appeal," counsel responded: "Yes, I do. I'll oral motion for appeal on reconsidering the sentence . . . ." Later, counsel clarified that he was orally moving "to appeal the sentence."

Defendant timely filed his appellant brief on September 27, 2021.[3] The State filed its appellee brief on September 29, 2021.

**ERRORS PATENT**

No errors patent were discerned.

---

[3] Defendant's briefing deadline was originally set for September 11, 2021; however, on September 17, 2021, the Louisiana Supreme Court issued an order providing that filings due between September 1, 2021, through September 24, 2021, shall be considered timely if filed no later than September 27, 2021.

**ASSIGNMENT OF ERROR**

As noted above, defendant's sole claim for relief is that the imposed sentence was excessive. In its brief, the State argues that defendant did not preserve the instant claim for appellate review as counsel did not comply with the requirements of La. C.Cr.P. art. 881.1.[4]

Where a defendant "failed to file a written motion for reconsideration of sentence as required by La. C.Cr.P. art. 881.1; however, [he] orally objected to the sentence at the conclusion of the sentencing hearing[,]" defendant "is limited to having this [C]ourt review the bare claim of excessiveness of the sentence." *State v. Thompson,* 98-0988, p. 7 (La. App. 4 Cir. 1/26/00), 752 So.2d 293, 297 (citing *State v. Mims,* 619 So.2d 1059 (La. 1993)). In *State v. Kirkling,* 2004-1906, p. 6 (La. App. 4 Cir. 5/18/05), 904 So.2d 786, 790 (quoting *State v. Miller,* 2000-0218, p. 8 (La. App. 4 Cir. 7/25/01), 792 So.2d 104, 111), the Court observed: "[A] simple objection to the sentence is sufficient to preserve appellate review on the grounds of excessiveness."

In this instant matter, defense counsel did not file a written motion for reconsideration of his sentence but, as set forth in the recitation of facts, defense counsel specifically stated, immediately after the court rendered its sentence, that he was objecting to the sentence. Thus, a review of defendant's sentence on the ground of excessiveness is appropriate.

---

[4] La. C.Cr.P. art. 881.1(E) provides: "Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."

4

## LAW AND DISCUSSION

In support of his argument that his twenty-four-year sentence was excessive, defendant complains that "the trial court did not base its sentence on La. C.Cr.P. art. 894.1 and instead [inappropriately] based its sentence solely on the facts and circumstances which were brought to light during the trial that resulted in a non-unanimous jury verdict."

Article I, § 20 of the Louisiana Constitution explicitly prohibits the imposition of excessive sentences. *State v. Wilson*, 2014-1267, p. 23 (La. App. 4 Cir. 4/29/15), 165 So.3d 1150, 1165. "The excessiveness of a sentence is a question of law, and a reviewing court will not set aside a sentence [for excessiveness] absent a manifest abuse of discretion by the trial [judge]." *State v. Alridge,* 2017-0231, p. 39 (La. App. 4 Cir. 5/23/18), 249 So.3d 260, 288, *writ denied,* 2018-1046 (La. 1/8/19), 259 So.3d 1021. (The U.S. Supreme Court granted certiorari, vacated the judgment, and remanded on *Ramos* grounds).

Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. *State v. Every*, 2009-0721, p. 7 (La. App. 4 Cir. 3/24/10), 35 So. 3d 410, 417 (quoting *State v. Smith*, 2001-2574, p. 6 (La. 1/14/03), 839 So.2d 1, 4). "However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society." *State v. Cassimere*, 2009-1075, p. 5 (La. App. 4 Cir. 3/17/10), 34 So. 3d 954, 958 (quoting *State v. Landry*, 2003-1671, p. 8 (La. Ap. 4 Cir. 3/31/04), 871 So.2d 1235, 1239). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. *State v. Ambeau*, 2008-1191, p. 9 (La. App.

4 Cir. 2/11/09), 6 So.3d 215, 221 (citing *State v. Bertrand*, 2004-1496, p. 6 (La. App. 4 Cir. 12/15/04), 891 So.2d 752, 757). "A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice." *State v. Vargas-Alcerreca*, 2012-1070, p. 25 (La. App. 4 Cir. 10/2/13), 126 So.3d 569, 583 (quoting *State v. Galindo*, 2006-1090, pp. 15-16 (La. App. 4 Cir. 10/3/07), 968 So.2d 1102, 1113).

A trial court is afforded broad discretion in making sentencing decisions and an appellate court will not set aside an imposed sentence if the record supports the sentence imposed. *State v. Bradley*, 2018-0734, p. 8 (La. App. 4 Cir. 5/15/19), 272 So.3d 94, 99-100 (quoting *State v. Williams*, 2015-0866, pp. 12-13 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, 250). Thus, "[t]he relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *State v. Mathieu*, 2018-964, p. 4 (La. App. 3 Cir. 11/6/19), 283 So.3d 1041, 1045 (citing *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957).

In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La. C.Cr.P. art. 894.1 and whether the sentence is warranted under the facts established by the record. *State v. Wiltz*, 2008-1441, p. 10 (La. App. 4 Cir. 12/16/09) 28 So.3d 554, 561 (quoting *State v. Batiste*, 2006-0875, p. 18 (La. App. 4 Cir. 12/20/06), 947 So.2d 810, 820). However, even where there has not been full compliance with La. C.Cr.P. art. 894.1, resentencing is unnecessary where the record shows an adequate factual basis for the sentence imposed. *State v. Stukes*, 2008-1217, p. 25 (La. App. 4 Cir. 9/9/09), 19 So.3d 1233, 1250 (quoting *Batiste*, 2006-0875, p. 18, 947 So.2d at 820). Further, La. C.Cr.P. art. 881.4(D)

6

expressly states that an "appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."

La. R.S. 14:130.1(B)(1) provides:

B. Whoever commits the crime of obstruction of justice shall be subject to the following penalties:

(1) When the obstruction of justice involves a criminal proceeding in which a sentence of death or life imprisonment may be imposed, the offender shall be fined not more than one hundred thousand dollars, imprisoned for not more than forty years at hard labor, or both.

The court, prior to imposing the mid-range sentence of twenty-four years, noted, more than once, that defendant had misled the police in connection with a serious murder investigation. However, the court also observed that defendant was young, twenty-eight years old, and had children. Thus, while the seriousness of the offense connected to defendant's obstruction of justice conviction may have justified a maximum forty-year sentence, other factors (defendant's young age and the fact that he had children) militated against the maximum, a factor considered by the court in imposing a lesser sentence.

According to defendant, despite the seriousness of the murder investigation which he impeded, the trial court erred in imposing a twenty-four-year sentence since it took into consideration "circumstances which came out during trial . . . ." However, a review of the trial court's comments prior to rendering its sentence reflects that defendant's assertion that the court was improperly holding defendant accountable for crimes for which a unanimous verdict was not reached is incorrect. The court, while noting that it was a sordid crime, specified that it was **not** judging defendant regarding whether he participated in the murder. The court, however, did note that it found defendant's trial testimony regarding his guilty plea to be untruthful and misleading. Such consideration was not inappropriate.

7

It is well-established that a trial court, in sentencing a defendant, may consider other offenses, regardless of whether defendant was convicted of the offenses, if there is a showing that the defendant did in fact perpetrate the other offenses. *State v. Jackson,* 540 So.2d 533, 536 (La. App. 4 Cir. 1989), *writ denied,* 548 So.2d 1228 (La. 1989) (citing *State v. Pierson,* 296 So.2d 324 (La. 1974), *abrogated on other grounds by State v. Sepulvado,* 367 So.2d 762 (La. 1979); *State v. Lewis,* 509 So.2d 848 (La. App. 1 Cir. 1987); *State v. Palmer,* 448 So.2d 765 (La. App. 2 Cir. 1984), *writ denied,* 452 So.2d 695 (La. 1984)); *see also State v. Hampton,* 50,561, p. 22 (La. App. 2 Cir. 5/18/16), 195 So.3d 548, 561.

In *State v. Washington,* 414 So.2d 313 (La. 1982), the trial court, in sentencing the defendant, considered the confession of the defendant's co-conspirator as evidence of prior criminal activity. The Louisiana Supreme Court determined that the trial court did not err in doing so, providing:

> The sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. *State v. Douglas,* 389 So.2d 1263 (La.1980). Prior criminal activity is one of the factors under art. 894.1 to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. *State v. Brown,* 410 So.2d 1043 (La.1982).

*Washington,* 414 So.2d at 315; *see also State v. Berry,* 630 So.2d 1330, 1334-36 (La. App. 4 Cir. 1993) (trial court could properly consider evidence adduced in connection with offenses for which defendant was acquitted); *State v. Perkins,* 568 So.2d 610, 612 (La. App. 4 Cir. 1990) (court may properly consider prior arrests and police reports in sentencing defendant).

At the sentencing hearing, the trial court specifically stated that "I'm not judging you . . . as to whether you participated in the murder of that gentleman . . . ." Instead, the trial judge merely considered the untruthfulness of defendant's trial

8

testimony. However, the trial judge would not have been remiss if he had taken into consideration the evidence adduced at trial connecting defendant to the pertinent killing. Evidence clearly existed linking defendant to the crime given the jury's verdict, by a vote of ten to two, finding defendant guilty of manslaughter. Thus, defendant's claim that the trial court erred in considering the trial testimony in imposing its mid-range sentence upon defendant is without merit. As established by the above-cited case law, the court was justified in doing so.

Though the precise facts of the case cannot be ascertained as a transcript of defendant's trial was not provided to this Court, the trial court described the crime as sordid, a murder of an "elderly gentleman." While defendant claims that at trial he "was not found guilty of any charge," such a representation is incorrect. By a ten to two verdict, a guilty verdict was rendered on the charge of manslaughter and by an eleven to one vote, defendant was found guilty of being a convicted felon in possession of a firearm. Further, the court found that defendant provided untruthful testimony at trial. Additionally, in connection with his obstruction of justice conviction via a plea of guilty, not only did defendant provide false statements to police, he "actively tried to mislead them in their investigation."

Finally, as noted by the sentencing court, defendant has a significant criminal history which includes two prior felony convictions. When defendant pled guilty, the state specifically reserved its right to seek sentence enhancement based on defendant's status as an habitual offender. If adjudicated a recidivist, defendant will face a far longer term of imprisonment than the twenty-four year sentence imposed by the district court.

## CONCLUSION

Nothing in the record reflects that the trial court abused its discretion by imposing a twenty-four year term of punishment for the crime of obstruction of justice in a homicide. Accordingly, this Court affirms defendant's twenty-four year sentence.

**AFFIRMED**